EISNER JAFFE, APC
JEREMIAH T. REYNOLDS (SBN 223554)
  jreynolds@eisnerlaw.com
MICHAEL J. DAILEY (SBN 301394)
  mdailey@eisnerlaw.com
9601 Wilshire Boulevard, 7th Floor
Beverly Hills, California 90210
Telephone: 310.855.3200
Facsimile: 310.855.3201

Attorneys for Petitioners Voltage Pictures, LLC,
Dandelion Holdings, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTAGE PICTURES, LLC, a Delaware limited liability company, DANDELION HOLDINGS, LLC, a Nevada limited liability company,<br><br>Petitioners,<br><br>vs.<br><br>GULF FILM, LLC, a United Arab Emirates limited liability company,<br><br>Respondent. | Case No.<br><br>NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING ARBITRATION AWARD; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date:<br>Time:<br>Dept.:<br>Judge: |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on _____ ___, 2018 at __:__ a.m./p.m., or as soon thereafter as this matter may be heard in Department __ of the above-entitled court, located at 255 Temple Street, Los Angeles, California 90012, Petitioners Voltage Pictures, LLC ("Voltage") and Dandelion Holdings, LLC ("Dandelion," together with Voltage, "Petitioners"), by and through their counsel of record, Eisner Jaffe, APC, will and hereby do move for an Order (the "Motion"):

1. Confirming the final award of the IFTA International Arbitration Tribunal, dated December 6, 2017 (the "Final Arbitration Award"), which resolved Case No. 17-07 in all respects;

2. Entering judgment in conformity therewith in the form of the [Proposed] Judgment filed herewith;

3. Awarding attorney's fees and costs incurred in connection with the enforcement of the Final Arbitration Award, including fees and costs related to this Motion; and

4. Awarding such other and further relief as this Court deems just and proper.

This Motion is made pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 and IFTA Rules for International Arbitration, Rules 8.2 and 12.5.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Venue is proper in the United States District Court for the Central District of California pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1391(b)(2) because this is the judicial district in which the arbitration award sought to be confirmed was made.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Nicolas Chartier and the exhibits thereto filed herewith, the [Proposed] Order filed herewith, and upon such other oral and/or documentary evidence, if any, that may be presented prior to or at

the time of hearing on this matter.

DATED: January 26, 2018          EISNER JAFFE, APC

                                 By:    */s/ Jeremiah T. Reynolds*
                                        Jeremiah T. Reynolds
                                        Attorneys for Petitioners Voltage Pictures, LLC and Dandelion Holdings, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner Voltage Pictures, LLC ("Voltage") and Petitioner Dandelion Holdings, LLC ("Dandelion," and together with Voltage, "Petitioners"), by and through their undersigned counsel, Eisner Jaffe, APC, respectfully submit the following Points and Authorities in support of this Motion for an Order Confirming Arbitration Award to confirm the final ruling and arbitration award of the Independent Film & Television Alliance ("IFTA") International Arbitration Tribunal dated December 6, 2017 (the "Final Arbitration Award"). The Final Arbitration Award resolved the IFTA arbitration at issue, Case No. 17-07, in all respects (the "Arbitration") between Petitioners and Respondent Gulf Film, LLC ("Gulf Film" or "Respondent," and together with Petitioners, the "Parties" and each a "Party").

## I. STATEMENT OF FACTS

### A. The Parties

Voltage is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California. [Declaration of Nicolas Chartier ("Chartier Decl."), at ¶ 2.] Voltage is a citizen of the State of California.

Dandelion is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business in Los Angeles, California. [*Id.*.] Dandelion is a citizen of the State of California.

Upon information and belief, Gulf Film is a limited company organized and existing under the laws of the United Arab Emirates ("UAE") with its principal place of business in Dubai, UAE. Upon information and belief, Gulf Film is a citizen of the foreign nation of the UAE.

### B. Subject Matter Jurisdiction

This court has subject matter jurisdiction over this matter under 28 U.S.C. §1332(a)(2) because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000 exclusive of costs and interest.

Case 2:18-cv-00696-VAP-SK   Document 1   Filed 01/26/18   Page 4 of 12   Page ID #:4

# MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner Voltage Pictures, LLC ("Voltage") and Petitioner Dandelion Holdings, LLC ("Dandelion," and together with Voltage, "Petitioners"), by and through their undersigned counsel, Eisner Jaffe, APC, respectfully submit the following Points and Authorities in support of this Motion for an Order Confirming Arbitration Award to confirm the final ruling and arbitration award of the Independent Film & Television Alliance ("IFTA") International Arbitration Tribunal dated December 6, 2017 (the "Final Arbitration Award"). The Final Arbitration Award resolved the IFTA arbitration at issue, Case No. 17-07, in all respects (the "Arbitration") between Petitioners and Respondent Gulf Film, LLC ("Gulf Film" or "Respondent," and together with Petitioners, the "Parties" and each a "Party").

## I. STATEMENT OF FACTS

### A. The Parties

Voltage is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California. [Declaration of Nicolas Chartier ("Chartier Decl."), at ¶ 2.] Voltage is a citizen of the State of California.

Dandelion is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business in Los Angeles, California. [*Id.*.] Dandelion is a citizen of the State of California.

Upon information and belief, Gulf Film is a limited company organized and existing under the laws of the United Arab Emirates ("UAE") with its principal place of business in Dubai, UAE. Upon information and belief, Gulf Film is a citizen of the foreign nation of the UAE.

### B. Subject Matter Jurisdiction

This court has subject matter jurisdiction over this matter under 28 U.S.C. §1332(a)(2) because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000 exclusive of costs and interest.

The amount in controversy in this instant action is measured by the damages awarded by the terms of the Final Arbitration Award, which resolved the Arbitration. This includes the following awards: [1] damages to be paid to Voltage in the amount of one million, two hundred seventy-two thousand, dollars ($1,272,000) ("Voltage Award Amount"), in accordance with the terms of the Final Arbitration Award; and [2] damages to be paid to Dandelion in the amount of three million, one hundred twenty thousand, dollars ($3,120,000) ("Dandelion Award Amount"). [*See* Chartier Decl., Ex. 1 (Final Arbitration Award).]

### C.   Venue

Venue is proper in the United States District Court for the Central District of California pursuant to 9 U.S.C. § 9 and 28 U.S.C. §1391(b)(2) because this is the judicial district in which the arbitration award sought to be confirmed was made. [*Id.*, at ¶ 12, Ex. 1 (Final Arbitration Award) at 5.]

### D.   The Governing Agreements and the Arbitration

Between 2013 and 2015, Voltage and Gulf Film entered into the following distribution agreements ("Voltage Distribution Agreements"), which govern their contractual relationships:

1. Distribution License Agreement between Voltage and Gulf Film, made as of June 10, 2013, for the motion picture identified as "Home Invasion" for the territory of the Middle East. [*See* Chartier Decl., ¶ 3, Ex. 2.]

2. Distribution License Agreement between Voltage and Gulf Film, made as of February 14, 2014, for the motion picture identified as "The Secret Scripture" for the territory of the Middle East. [*See id.*, ¶ 3, Ex. 3.]

3. Distribution License Agreement between Voltage and Gulf Film, made as of February 18, 2014, for the motion picture identified as "Lady Blood Fight" for the territory of the Middle East. [*See id.*, ¶ 3, Ex. 4.]

4. Distribution License Agreement between Voltage and Gulf Film, made as of September 29, 2014, for the motion picture identified as "Prisoner of War" for the territory of the Middle East, as defined in more detail in the agreement. [*See id.*, ¶ 3, Ex. 5.]

5. Distribution License Agreement between Voltage and Gulf Film, made as of February 23, 2015, for the motion picture identified as "Officer Downe" for the territory of the Middle East. [*See id.*, ¶ 3, Ex. 6.]

6. Distribution License Agreement between Voltage and Gulf Film, made as of November 12, 2015, for the motion picture identified as "Sniper: Special Ops" for the territory of the Middle East. [*See id.*, ¶ 3, Ex. 7.]

All of the Voltage Distribution Agreements contain arbitration clauses specifying that "[a]ny dispute arising out of or relating to this Agreement will be resolved by binding arbitration under the IFTA Rules of International Arbitration ("IFTA Rules") in effect at the time the notice of arbitration is filed . . . ." [*Id.*, ¶ 4, Exs. 2-7 at Ex. A, ¶ 11.] Further, each of the agreements specifies that "[t]he prevailing party in any arbitration or other legal proceeding brought pursuant hereto shall be entitled to recover all of its reasonable outside attorney's fees and expenses actually incurred." [*Id.*, ¶ 5, Exs. 2-7 at Ex. A, ¶ 11.]

A dispute arose between Voltage and Gulf Film regarding their respective rights under the Voltage Distribution Agreements. [*Id.*, ¶ 8.]

Voltage subsequently submitted an arbitration demand with IFTA on February 8, 2017 (IFTA Case No. # 17-07). (*Id.*) Hillary S. Bibicoff ("Arbitrator") was appointed in accordance with the IFTA Rules for International Arbitration (the "IFTA Rules"). [*Id.*, ¶ 10.]

In 2015, Dandelion and Gulf Film entered into the following distribution agreements ("Dandelion Distribution Agreements"), which govern their contractual relationships:

1. Distribution License Agreement between Dandelion and Gulf Film, made as of June 10, 2015, for the motion picture identified as "Untitled Bruce Willis Film" for the territory of the Middle East. [*See* Chartier Decl., ¶ 6, Ex. 9.]

2. Distribution License Agreement between Dandelion and Gulf Film, made as of June 10, 2015, for the motion picture identified as "Colossal" for the territory of the Middle East. [*See id.*, ¶ 6, Ex. 10.]

3. Distribution License Agreement between Dandelion and Gulf Film, made as of June 10, 2015, for the motion picture identified as "The Journey Is The Destination" for the territory of the Middle East. [*See id.*, ¶ 6, Ex. 11.]

4. Distribution License Agreement between Dandelion and Gulf Film, made as of October 30, 2015, for the motion picture identified as "Eliminators" for the territory of the Middle East. [*See id.*, ¶ 6, Ex. 12.]

5. Distribution License Agreement between Dandelion and Gulf Film, made as of October 30, 2015, for the motion picture identified as "The Headhunter's Calling" for the territory of the Middle East. [*See id.*, ¶ 6, Ex. 13.]

All of the Dandelion Distribution Agreements also contain arbitration clauses specifying that all disputes were to be resolved by binding arbitration under the IFTA Rules. [*Id.*, ¶ 7, Exs. 9-13 at Ex. A, ¶ 11.] Further, each of these agreements specifies that "[t]he prevailing party in any arbitration or other legal proceeding brought pursuant hereto shall be entitled to recover all of its reasonable outside attorney's fees and expenses actually incurred." [*Id.*]

A dispute arose between Dandelion and Gulf Film regarding their respective rights under the Dandelion Distribution Agreements. [Chartier Decl., ¶ 8.]

Dandelion also subsequently submitted an arbitration demand with IFTA on February 8, 2017. [*Id.*, ¶ 9, Ex. 15.]

On April 12, 2017, Petitioners requested that Arbitration #17-07, Voltage Pictures, LLC v. Gulf Film, LLC be added to or consolidated with arbitration demands on Respondent by Dandelion, an entity affiliated with Voltage. [*See id.*, ¶ 11.] Respondent did not object to consolidation of the separate arbitrations by Dandelion and Voltage against Respondent into a single arbitration, and the Arbitrator approved such consolidation. [*Id.*]

The Parties submitted pre-arbitration briefs and witness lists. [*Id.*, ¶ 12.] The arbitration hearing took place before the Arbitrator on July 27, 2017, July 28, 2017 and August 17, 2017, in Santa Monica, California. [*Id.*] The Arbitrator permitted the Parties to make opening statements, examine witnesses, introduce documents, and make arguments in support of their positions. [*Id.*] After the close of arbitration, each Party submitted a closing brief. [*Id.*]

Based upon the arbitration briefs, evidence presented at arbitration, exhibits, the relevant case law and the arguments of counsel, the Arbitrator issued a detailed 23-page arbitration award on October 17, 2017 (the "Interim Arbitration Award"). [Chartier Decl., ¶ 13, Ex. 1 at Ex. A.]

On October 19, 2017, Petitioners submitted a specific attorney's fees and expenses request and submitted a brief and supporting evidence in connection with that request. [*Id.*, ¶ 14.] Respondent objected to the fees and expenses on November 2, 2017; and on November 3, 2017, Petitioners responded to Respondent's objections. [*Id.*] On November 3, 2017, Respondent also filed a response to Petitioners' second brief. [*Id.*]

On November 10, 2017, Respondent also filed a Notice of Motion and Motion to Stay Proceedings, seeking to stay the issuance of the Final Award. [*Id.*, ¶ 15.] On November 17, 2017, Petitioners filed a response to Respondent's Motion to Stay. [*Id.*] On November 22, 2017, Respondent filed a Reply to the Motion to Stay. [*Id.*]

The Arbitrator rejected the Motion to Stay and issued the Final Arbitration Award on December 6, 2017, adopting in full the Interim Arbitration Award, and providing attorney's fees and expenses. [*Id.*, ¶ 16, Ex. 15.]

This petition is timely because it was filed within one year after the award was made. [*See id.*]

## II. LAW AND ARGUMENT

### A. This Court is Authorized to Confirm the Final Arbitration Award

This Court's authority to confirm the Final Arbitration Award is derived from the terms of the Voltage Distribution Agreements, the Dandelion Distribution Agreements, and federal law. As noted above, all of these agreements required the Parties to settle any disputes in accordance with the IFTA Rules. The applicable IFTA Rules provide, in relevant part, that:

> 8.2 . . . The parties may apply for confirmation and/or enforcement of any arbitration award or order hereunder to the courts of the State of California or of such other state, locality, country or territory as may have jurisdiction over the parties under applicable law, Treaty or convention.
>
> ***
>
> 12.5 Any party may seek confirmation of and/or file or register the Arbitrator's award with a court having jurisdiction to confirm the Arbitrator's award in order to effectuate the enforcement of the award in any and all courts throughout the world.

*See* Chartier Decl., Ex. 8 (IFTA Rules)]. As a result, the Parties agreed that any arbitration award that resolved the dispute could be confirmed by any Court with jurisdiction to confirm such awards.

In addition, the Parties' agreement to arbitrate their respective disputes is enforceable under the Federal Arbitration Act (the "FAA") because the agreement was

1 contained in the respective agreements at issue, *i.e.*, the Voltage Distribution
2 Agreements and the Dandelion Distribution Agreements. *See* 9 U.S.C. § 2.
3 Moreover, the FAA allows the parties to seek confirmation of an arbitration award in
4 the District Court for the district in which the award was entered. *See* 9 U.S.C. § 9;
5 *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193 (2000).
6      In this instance, the Final Arbitration Award was entered in Los Angeles,
7 California. Thus, this Court is authorized to confirm the award.

### B. The Court Must Confirm the Final Arbitration Award

9      The FAA states, in relevant part, that when an application is made to confirm an
10 arbitration award, the court *must* confirm it "unless the award is vacated, modified, or
11 corrected" pursuant to Sections 10 or 11 of the FAA. *See* 9 U.S.C. § 9. Indeed,
12 Courts have a very limited judicial review of arbitration awards. *See A.G. Edwards v.*
13 *McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992) *cert. denied* 506 U.S. 1050 (1993)
14 (holding that courts should not reverse an arbitration award "even in the face of
15 erroneous interpretations of the law.") Thus, arbitration awards should be upheld if
16 justified by any colorable theory. *See id.*
17      Unless Respondent seeks to vacate or modify the Final Arbitration Award, it
18 must be confirmed.

### C. Petitioners Should be Awarded Pre-Judgment Interest

20      "The recognized general rule is that state law determines the rate of
21 prejudgment interest in diversity actions." *See Northrop Corp. v. Triad Int'l Mktg.,*
22 *S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988). This includes suits under the FAA. *Id.*
23 (citing *Lundgren v. Freeman*, 307 F.2d 104, 112 (9th Cir. 1962).
24      The relevant agreements provide that California law shall govern disputes (*see*
25 Chartier Decl., Exs. 2-7, 9-13), thus this Court's determination of pre-judgment
26 interest must be done in accordance with California Civil Code, which provides that:
27           A person who is entitled to recover damages certain, or
28           capable of being made certain by calculation, and the right

to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day. . . .

Cal. Civ. Code § 3287(a).  California courts have held that the prevailing party to an arbitration becomes "entitled to recover damages certain" as of the date of the arbitration award.  *See e.g.*, *Britz, Inc. v. Alfa-Laval Food & Dairy Co.*, 34 Cal. App. 4th 1085, 1106-7 (1995), *as modified on denial of reh'g* (June 6, 1995); *Pierotti v. Torian*, 81 Cal. App. 4th 17, 27 (2000) ("The arbitration award was the contractual equivalent of a judgment in respondents' favor.  In the context of a judicial judgment, it is clear that interest after judgment accrues as to the entire award, including attorney fees.")

Paragraph 9 of Exhibit A of each of the Agreements says that the Agreement may be immediately terminated by Licensor in the event that Distributor fails to pay any required amounts within ten (10) business days after the due date, and that, in addition to any other right or remedy of Licensor, any payment not made by its due date will incur a finance charge at ten percent (10%) per annum from the date that it was due until paid in full to Licensor. Therefore, the Arbitrator awarded Petitioners prejudgment interest at the rate of ten percent (10%) per year on the unpaid portion of each Guarantee set forth in the Agreements from the date that each applicable payment was due until such payment is paid in full to Petitioners.

### D.     Petitioners Should be Awarded Their Attorneys' Fees and Costs

Petitioners are now before this Court because Respondent refuses to satisfy the terms of the Final Arbitration Award.  The IFTA Rules permit an award of costs and attorney's fees to the prevailing party in the arbitration.  [*See* Chartier Decl., Ex. 8.] Moreover, as noted above, the Voltage Distribution Agreements and the Dandelion Distribution Agreements state that "[t]he prevailing party in any arbitration *or other legal proceeding* brought pursuant hereto shall be entitled to recover all of its reasonable outside attorney's fees and expenses actually incurred."  [*Id.*, ¶¶ 5, 7; Exs.

2-7, 9-13 at Ex. A, ¶ 11 (emphasis added).]

Thus, this Court should award Petitioners their fees and costs associated with bringing this Motion to enforce the terms of the Final Arbitration Award.

### III. CONCLUSION

For the foregoing reasons, Petitions respectfully request that the Court (i) confirm the Final Arbitration Award in all respects, (ii) enter judgment in conformity therewith in the form of the [Proposed] Judgment filed herewith, (iii) award pre-judgment interest, (iv) award post-judgment interest, and (v) award attorney's fees and costs incurred in connection with the enforcement of the Final Award, including the bringing of this Motion.

DATED: January 26, 2018                EISNER JAFFE, APC

                                       By:    */s/ Jeremiah T. Reynolds*
                                           Jeremiah T. Reynolds
                                           Attorneys for Petitioners Voltage Pictures,
                                           LLC and Dandelion Holdings, LLC

9
NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING ARBITRATION AWARD